**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-704-C**

**MICHAEL JASON PROFITT** *et al.*                                       **PLAINTIFFS**

**v.**

**WAYSIDE** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Unrepresented by counsel, plaintiff Michael Jason Profitt filed a complaint

against Wayside, St. Vincent Depaul, Pat Vinletion, Delicate Details, Mike Profitt,

Norman Williams, U.S. Bank Attorneys, Eve CarMichael, and Doug Adkins.  He

alleges that his sister was molested and that someone stole his paperwork.

Although not listed in the caption of the complaint, Norman Williams and Ivy

Cocker are listed as two additional plaintiffs in the "parties" section of the complaint.

However, neither Williams nor Cocker signed the complaint, *see* Fed. R. Civ. P. 11(a)

("Every pleading, written motion, and other paper . . . shall be signed by the

[unrepresented] party."); their addresses have not been provided; Williams is also

listed as a defendant in this action; and the complaint contains no facts pertaining to

Williams and Cocker.  There is simply no indication that Williams and Cocker

intended to be parties to this action.  The court will, therefore, dismiss them from

this action and will also dismiss any claims brought on their behalf.[1]

---

[1]To the extent plaintiff Profitt seeks to prosecute this action on behalf of Williams
and Cocker, such an action constitutes the unauthorized practice of law, which is
prohibited.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28
U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and
conduct their own cases personally or by counsel,' that statute does not permit plaintiffs
to appear *pro se* where interests other than their own are at stake.").

As to plaintiff Profitt, the clerk of court sent him a deficiency notice directing him to either pay the $350.00 filing fee or file an application to proceed without prepayment of fees. Because he failed to respond, the court entered an order on February 12, 2008, directing him to show cause why the instant action should not be dismissed for failure to comply with the December 20, 2007, deficiency notice. The court, alternatively, directed plaintiff Profitt to file a fully completed application to proceed without prepayment of fees or pay the $350.00 filing in full. On March 17, 2008, the envelope containing the copy of the court's order sent to the plaintiff was returned by the United States Postal Service with a new address indicated for the plaintiff. The clerk of court sent the court's show-cause order to the plaintiff at the new address. On April 7, 2008, the copy of the order sent to the new address was returned to the court marked, "Return to Sender, Not Deliverable As addressed, Unable to Forward."

Upon filing the instant action, plaintiff Profitt assumed the responsibility to keep this court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, plaintiff Profitt is no longer at the address of record or at the most recent address provided by the U.S. Postal Service. Because neither notices from this court nor filings by the defendants can be served on plaintiff Profitt, the court concludes that he has abandoned any interest in prosecuting this case. Accordingly, the court will dismiss the action against plaintiff Profitt for failure to prosecute.

The **clerk of court is DIRECTED to send** a copy of this memorandum opinion to plaintiff Profitt, despite the apparent futility in such an act.

Signed on  April 30, 2008

Jennifer B. Coffman, Judge
United States District Court